UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **AMOS CHARLES EVATT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 6:10-CV-947-VEH-PWG |
| | ) |
| **RICHARD ALLEN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on April 27, 2012, recommending that Defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. (Doc. 28.) Plaintiff filed objections on May 10, 2012. (Doc. 29.) Plaintiff argues in his objections that Defendants' affidavits were given more weight than his complaint and affidavit. *Id*. at 1. Plaintiff also claims that the court did not consider his motion to strike defendants' affidavits for lack of personal knowledge.[1]  *Id*. at 2.

---

[1] Plaintiff did not file a separate motion to strike the defendants' affidavits. Rather, his "motion to strike" and "motion for perjury" were included in his response to defendants' motion for summary judgment. (Doc. 22.) However, recognizing that Plaintiff is proceeding *pro se*, the court has reviewed the merits of Plaintiff's contentions regarding these affidavits. Other than Plaintiff's conclusory statements, he has not set forth any arguable basis for finding that Defendants' affidavits are not based on their personal knowledge.

For summary judgment purposes, the court must view all evidence and make all reasonable inferences in favor of the non-moving party. *See Chapman v. AI Transp*, 229 F.3d 1012, 1023 (11th Cir. 2000). Even under this standard, however, there is no evidence that defendants were deliberately indifferent to Plaintiff's conditions of confinement by implementing the wellness diet or because of inadequacies in food services. Neither does Plaintiff's claim that inmates at other state facilities receive a regular diet state a cause of action under the Fourteenth Amendment's equal protection clause. As such, Plaintiff has not carried his ultimate burden of showing that defendants violated his constitutional rights.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by Plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered.

**DONE** this the 29th day of May, 2012.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge